tate in question over to his brother in satisfaction of the judgment thus obtained against him by default, and the master found the defendant had unnecessarily disposed of his interest in the property.

ALBERT H. FRY, for appellant.

CHARLES M. HAFT, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

DIVORCE, § 101*—*when .evidence is sufficient to sustain order of court as to alimony and solicitor's fees.* The evidence in regard to the circumstances of the parties *held* to support the order of the court as to alimony and solicitor's fees, in a suit for divorce and for alimony and solicitor's fees.

---

### Effie C. Kuebler, Appellee, v. George J. Kuebler, Appellant.

### Gen. No. 22,986.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 8, 1917. Rehearing denied March 28, 1917.

### Statement of the Case.

Suit by Effie C. Kuebler, complainant, against George J. Kuebler, defendant, for divorce, alimony and solicitor's fees. From an order committing the defendant for contempt for failing to comply with an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

order for allowance of suit money and solicitor's fees, defendant appeals.

Appeal from original decree as to alimony and solicitor's fees was decided in *Kuebler v. Kuebler*, Gen. No. 21,883, *ante*, p. 256, and the appeal from the order allowing suit money and solicitor's fees, in *Kuebler v. Kuebler*, Gen. No. 22,695, *ante*, p. 258.

ALBERT H. FRY, for appellant.

CHARLES M. HAFT, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 121*—*when evidence sufficient to show ability of defendant to comply with order for allowance of suit money and solicitor's fees.* Where the court in committing a defendant for contempt in failing to comply with an order for allowance of suit money and solicitor's fees in a suit for divorce had before it the facts heretofore recited in the opinions of the Appellate Court sustaining such order and the original decree allowing alimony and solicitor's fees, *held* that the court was justified in finding against the defendant upon the question of his ability to comply with the terms of such order, notwithstanding his affidavit stating his income had been insufficient to meet his necessary office expenses, maintain his practice, and live respectably, and comply with the order.

2. DIVORCE, § 118*—*when defendant is guilty of contempt in failing to comply with order for allowance of suit money and solicitor's fees.* Where the defendant in a suit for divorce after having agreed upon the amount of alimony and solicitor's fees and having received the benefit of the decree had done all in his power to prevent the complainant in such suit from receiving the sums to which the court had decreed she was entitled, had transferred his real estate in question in such suit to his brother and assisted the latter in a suit against the complainant apparently for the purpose of so preventing her from receiving such sums, and for such purpose had prosecuted three appeals in such suit and presented records therein aggregating over 1,000 pages, *held* that there was no error in finding the defendant guilty of contempt in failing to comply with an order in such suit for allowance of suit money and solicitor's fees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.